UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ANDREW BERGERON,<br><br>                    Petitioner,<br><br>    v.<br><br>UNKNOWN DEPUTY CLERK, et al.,<br><br>                    Respondents. | CASE NO. C19-574 BJR<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is an unsigned 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus submitted by petitioner Jacob Andrew Bergeron. Dkt. 9. By separate order the Court has granted petitioner's application to proceed *in forma pauperis* (IFP). Dkt. 8. The Court recommends the § 2241 Petition be DENIED and the matter be DISMISSED with prejudice because petition does not establish petitioner is not in custody; the petition is unsigned; petitioner is not detained in this district; and the petition does not state grounds upon which relief may be granted.

**BACKGROUND**

On April 15, 2019, petitioner submitted an unsigned § 2241 Habeas Petition and a deficient application to proceed IFP. Dkt. 1. Petitioner was advised he needed to sign his habeas petition and cure the deficient IFP application or the case may be dismissed. Dkt. 4. On May 13, 2019, petitioner submitted a new IFP application but did not submit a signed habeas petition.

REPORT AND RECOMMENDATION - 1

Dkt. 5. The § 2241 habeas petition alleges petitioner is illegally confined in custody and/or illegally restrained. Dkt. 9 at 2. In support of this allegation, the petition states "the purported clerk of the courts refuses to provide case numbers of previously filed habeas corpuses," which petitioner contends he needs to obtain "a stamp filed copy thereof." *Id*. This denial, petitioner contends violates his First Amendment right to access to the courts to obtain habeas relief for his "illegal" restraint. *Id*. Petitioner also attached a letter from the United States District Court for the Western District of Washington, Office of the Clerk, that indicates the Clerk would provide petitioner copies of documents filed with the court if petitioner would identify the case numbers of the cases in which petitioner is interested and upon payment of the .50 cents per page copying fee.

The petition also alleges the states of California, Washington and Georgia have victimized him by requiring "hospitalization." *Id*. at 3. As relief, the petition requests the Court order a federal investigation into the Court Clerk's refusal to provide petitioner with "stamp filed copies of pleadings and orders," and that the Court order all "filings and orders" be mailed to petitioner's address in Canton, Georgia.

**DISCUSSION**

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. The Court may apply this rule to petitions brought under § 2241. *See* Rule one of Rule Governing Section 2254 Case. The Court recommends the § 2241 habeas petition be dismissed because it is deficient and no amendment can cure the deficiencies.

First, this Court has jurisdiction to entertain habeas petitions filed by persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). The Supreme Court has interpreted this language as requiring the habeas petitioner be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Here, the habeas petition presents nothing indicating that petitioner is in custody following a conviction or sentence. Rather the envelope petitioner used to mail his petition to the court appears to indicate that petitioner is not in custody and provides what appears to be a residential address in the state of Georgia.

Second, because petitioner currently resides in Georgia the habeas petition should not be filed in this district. Any § 2241 habeas petition challenging the manner in which petitioner's present sentence of confinement is being implemented, must be filed in Georgia where petitioner resides, and not in this Court. *See Rumsfeld v. Padilla,* 542 U.S.426, 443 (2004) (A § 2241 habeas petitioner challenging his present physical custody must file his or her petition in the district of confinement). Thus, if petitioner seeks to challenge the manner in which his sentence is being executed in a habeas action under § 2241 he must file the petition in Georgia where he currently resides and is ostensibly improperly detained.

Third, if petitioner is in custody and seeks to have his conviction and sentence overturned, a § 2241 habeas petition is not the appropriate action to obtain such relief. The petition alleges petitioner is illegally confined or detained. Where a petition challenges confinement based upon a conviction, a habeas petitioner must seek relief via 28 U.S.C. § 2255 if the conviction was obtained in a Federal Court or under 28 U.S.C § 2254, if the conviction was obtained in the state courts. These provisions are the exclusive means by a prisoner may challenge the legality of his or her detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended), and *Estelle v. McGuire*, 502 U.S. 62 (1991).

1 Fourth, because habeas petitions are methods to collaterally attack a conviction and sentence or a method to challenge the manner in which a sentence is being carried out, the petition here is an inappropriate cause of action to obtain the relief sought here: an order directing a clerk of the court to provide "stamped" copies of court documents. The habeas petition alleges a clerk of the court has not provided petitioner with copies of unspecified court documents, and requests copies of these documents. These allegations do not challenge petitioner's conviction and sentence or a challenge to the manner in which the sentence is being carried out. The allegations in the petition, in short, fail to state a claim upon which habeas relief may be granted.

Fifth, the petition alleges petitioner's First Amendment right to access to the Court has been violated by the clerk's actions in declining to provide stamped copies of court records unless petitioner pays a copy fee for each page requested and identifies which documents he wishes the clerk provide. In this sense, the action petitioner has filed seeks relief under 42 U.S.C. § 1983 (relief for a civil rights violation) rather § 2241 (habeas relief).  However, petitioner is not entitled to free copies of documents from the Court. *See e.g. Allen v. Clark County Detention Center*, No. 10-857, 2011 WL 886343 at * 2 (D. Nev. March 11, 2011) ("Plaintiff also requests that the Court provide him with file-stamped copies of any documents he files with the Court. (# 119). The Court will deny this request as plaintiff is not entitled to free copies of documents from the Court merely because he is proceeding in forma pauperis. If plaintiff wishes to receive a copy of a filed document, the Court will provide him with copies at the cost of $0.10 per page."). In short, petitioner has failed to state facts that establish a violation of his civil rights under the First Amendment.

1    Moreover, the doctrine of judicial immunity bars state and federal claims for claims and
2  damages for civil rights violations made against a judicial officer, such as the defendant court
3  clerks here, for actions taken in his or her judicial capacity. *Mirales v. Waco*, 502 U.S. 9 (1991).
4  "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Id*. at 11. The
5  doctrine "applies however erroneous the act may have been, and however injurious in its
6  consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200
7  (1985) (citations and quotations omitted). Absolute immunity "is not reserved solely for judges
8  but extends to nonjudicial officers for all claims relating to the exercise of judicial functions."
9  *Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (citations and internal
10 quotations omitted). "[C]ourt clerks are entitled to absolute immunity even in the absence of a
11 judicial directive so long as the acts were not done 'in the clear absence of all jurisdiction.'" *Id*.
12 at 961 (quoting *Mullis v. United States Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390
13 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988)). "Court clerks have absolute quasi-judicial
14 immunity from damages for civil rights violations when they perform tasks that are an integral
15 part of the judicial process." *Mullis,* 828 F.2d at 1390 (citations omitted).

16   Because the defendant clerks of court are entitled to absolute quasi-judicial immunity, the
17 action before the court if viewed as a complaint brought under § 1983 should be dismissed.

18   And lastly, petitioner has been notified he must sign his habeas petition. Despite being so
19 notified, he has not submitted a signed and verified petition. The district court may refuse to file,
20 or may dismiss, an unsigned and unverified petition. *See Hendriks v. Vasquez*, 908 F.2d 490 (9th
21 Cir. 1990).

22   In short, there are numerous deficiencies with the habeas petition that is before the Court.
23 The deficiencies, excepting the lack of a signed petition, cannot be cured via amendment and the

Court accordingly recommends the § 2241 habeas petition filed herein be denied and the matter be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A valid § 2241 Petition must be considered on appeal even absent a COA. *Harrison v. Ollison*, 519 F.3d 952, 958-59 (9th Cir. 2008). The § 2241 petition filed here is not valid. It alleges petitioner is illegally confined and thus the petition is in reality either a § 2255 or § 2254 habeas petition that is deficient as discussed above. If viewed as a § 2255 or § 2254 habeas petition, the Court recommends a COA not be issued. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude the habeas petition here has merit or deserve encouragement to proceed further. Accordingly, the Court recommends the district court deny issuance of a COA on these claims if it dismisses the habeas petition herein.

## CONCLUSION

For the reasons above, the Court recommends that the habeas petition filed herein be DENIED and that the matter be DISMISSED with prejudice. The petition fails to set forth facts establishing petitioner is in custody. The petition fails to set forth facts that the conviction and sentence attacked is invalid. It further fails to establish that the sentence imposed is being executed improperly. The petition alleges a violation of the First Amendment but fails to state a

claim upon which relief may be granted and also seeks relief against defendants that are protected by absolute quasi-judicial immunity. And finally, the petition is unverified and unsigned.

The Court further recommends that a COA not be issued.  If petitioner has objections to this recommendation, he must file them by **May 28, 2019**. If petitioner believes that amendment to the habeas petition would cure the deficiencies noted above, he should submit with his objections an amended complaint. The Clerk should note the matter for **May 31, 2019,** as ready for the District Judge's consideration. Objections are limited to eight pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of May, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge